# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50735-8-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| SHEDRICK NELSON, JR., | |
| Appellant. | |

GLASGOW, J. — Shedrick Nelson Jr. pleaded guilty to attempting to elude a pursuing police vehicle and driving under the influence.  He appeals only the portion of his judgment and sentence that imposed mandatory legal financial obligations (LFOs), specifically the criminal filing fee, the DNA collection fee, and the crime victim assessment, as well as interest on these LFOs.  He argues that the trial court should not have imposed these LFOs without first determining whether he would be able to pay them.  He also argues that imposing the LFOs in his case violated substantive due process.  He also filed a statement of additional grounds for review.

We affirm in part, reverse in part, and remand for the trial court to strike the criminal filing fee and the accrual of any interest on these non-restitution LFOs.  We affirm the DNA fee and the crime victim assessment.  Finally, Nelson did not raise any issues in his statement of additional grounds that warrant reversal.

No. 50735-8-II

## FACTS

During a routine patrol, Pierce County Sheriff's Deputy J. Mills observed Nelson driving erratically, swerving back and forth without his lights on. Mills attempted to pull Nelson over, but he fled. Mills eventually disabled Nelson's vehicle and arrested him.

The State charged Nelson with attempting to elude a pursuing police vehicle and driving under the influence. Nelson pleaded guilty as charged.

As part of Nelson's sentence on the eluding conviction, the trial court imposed a total of $800 in mandatory LFOs: a $500 crime victim penalty assessment, a $200 criminal filing fee, and a $100 DNA collection fee.[1] The trial court found Nelson indigent for the purposes of appeal.

Nelson now appeals the portion of his judgment and sentence imposing the mandatory LFOs.

## ANALYSIS

Nelson argues that the trial court erred when it ordered him to pay the crime victim penalty assessment, the criminal filing fee, and the DNA collection fee. The State concedes that in light of 2018 amendments to the laws governing LFOs, we should strike the criminal filing fee and any interest on non-restitution LFOs. But the State maintains that the trial court properly imposed the crime victim penalty assessment and the DNA collection fee. We agree with the State.

---

[1] The trial court also imposed a mandatory minimum fine of $1620.50 related to the DUI conviction.

After Nelson filed his appeal, the legislature amended the laws governing the mandatory LFOs at issue in this case. *See generally* LAWS OF 2018, ch. 269. In *State v. Ramirez*, 191 Wn.2d 732, 747-50, 426 P.3d 714 (2018), our Supreme Court held that these amendments apply prospectively to indigent defendants whose direct appeal is not yet final. Under the amended statute, the criminal filing fee may no longer be imposed if the defendant is indigent. LAWS OF 2018, ch. 269, § 17(2)(h). In addition, under the new law, interest can no longer accrue on non-restitution LFOs. LAWS OF 2018, ch. 269, § 1(1). As a result, the State correctly conceded that the criminal filing fee and interest on non-restitution LFOs should be stricken.

In contrast, the crime victim penalty assessment and the DNA collection fee cannot be waived or stricken because of indigency. RCW 7.68.035(1)(a) provides that the penalty assessment "shall be imposed" for every criminal conviction. "The assessment shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor." RCW 7.68.035(1)(a). "An offender being indigent . . . is not grounds for failing to impose restitution or the crime victim penalty assessment under RCW 7.68.035." RCW 9.94A.760(1).

In addition, RCW 43.43.7541 provides that the sentencing court "must include a fee of one hundred dollars unless the state has previously collected the offender's DNA as a result of a prior conviction."

Washington courts have consistently affirmed the mandatory nature of the crime victim penalty assessment and the DNA collection fee regardless of a defendant's ability to pay. *E.g.*, *State v. Mathers*, 193 Wn. App. 913, 918-19, 376 P.3d 1163 (2016); *State v. Seward*, 196 Wn. App. 579, 587, 384 P.3d 620 (2016). Nelson cites *State v. Blazina*, 182 Wn.2d 827, 839, 344

P.3d 680 (2015), in which our Supreme Court held that the imposition of discretionary LFOs required an individualized inquiry into the defendant's ability to pay. Nelson concedes that *Blazina* "explicitly applies only to discretionary LFOs," but argues "its reasoning applies equally to all LFOs, including mandatory LFOs." Br. of Appellant at 12. However, we have already held that *Blazina* does not apply to mandatory LFOs, and the imposition of these mandatory LFOs was proper without an analysis of a defendant's present or future ability to pay. *Mathers*, 193 Wn. App. at 918-19, 921, 928-29.

Nelson also relies on RCW 10.01.160(3), which requires sentencing courts to take account of a defendant's financial resources and the nature of the burden that payment of costs would impose. He argues RCW 10.01.160(3) should apply to mandatory LFOs, including the DNA collection fee and the crime victim assessment. But we have already rejected this argument. *E.g.*, *Mathers*, 193 Wn. App. at 918-21; *Seward*, 196 Wn. App. at 587. RCW 10.01.160 applies to discretionary, not mandatory, LFOs. *Mathers*, 193 Wn. App. at 919-21.

Nelson argues that the imposition of mandatory LFOs on indigent defendants violates substantive due process. But, again, we have previously held that the imposition of the crime victim penalty assessment and the DNA collection fee do not violate substantive due process. *Mathers*, 193 Wn. App. at 927-29; *Seward*, 196 Wn. App. at 583-86.[2]

We conclude that the trial court did not err when it imposed the mandatory crime victim penalty assessment. And Nelson has not presented any evidence that his DNA had been

---

[2] The State argues we should affirm the trial court's imposition of the mandatory DUI fine. However, Nelson did not assign error to the imposition of this fine. Because Nelson did not assign error to the DUI fine, or make any argument in his brief specifically about the fine, this fine is not at issue on appeal.

previously collected and was on file with the State. This appears to be Nelson's first felony conviction. Thus, we also conclude that the trial court did not err when it imposed the DNA collection fee.

Nelson asks us to exercise our discretion to deny any appellate costs. The State has represented that it does not intend to seek appellate costs in this case. Based on the State's representation, we deny appellate costs.

Finally, Nelson submitted a statement of additional grounds. He provides some additional facts but he has not stated any additional ground on which we may grant him relief.

CONCLUSION

We affirm the imposition of the crime victim penalty assessment and the DNA collection fee, but reverse the imposition of the criminal filing fee, and remand for the trial court to strike the filing fee and the provision imposing interest on non-restitution LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Cruser, J.